IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00401 HG |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF LAW IN SUPPORT |
| GEORGE KEAHI, JR.,           (01) | ) | OF MOTION |
|   aka "Uncle Louie," | ) | |
|   aka "Opelu," | ) | |
| BRIAN U'U,                   (02) | ) | |
| ARNOLD C. ARRUIZA            (03) | ) | |
| MARY H. VANDERVELDE,         (04) | ) | |
| CHRIS TOLBERT                (05) | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

§ 5K2.13, U.S.S.G, provides in relevant part as follows:

> A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.
>
> However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or, (4) the defendant has been convicted of o offenses under Chapter 71, 109A, 110, or 117, of title 18, United States Code.

Based on the evaluation by Ms. Dee White, who is the Ice Project Service Coordinator at the Community Clinic of Maui, and someone the Defendant has been seeing on a regular basis, there is a basis for downward departure based on the mental impairment that Ms. White determined the Defendant suffers from. A true and correct copy of Ms. White's report is attached as Exhibit 1.

Notwithstanding Ms. White's opinion, the United States has questioned the value of Ms. White's opinion, i.e.,

> Counsel for defendant Vandervelde does not submit evidence to show that Ms. White is a psychologist or has the background or training to make the "diagnositc impression" listed in her report to the defense counsel. Furthermore the conclusions reached by Ms. White appear to be based solely on information supplied by the defendant. Additionally, while the United States concedes that the defendant may have a history of drug abuse, the sentencing guidelines indicate that drug or alcohol dependence or abuse is not a reason for a downward departure.
>
> United States Opposition to
> Defendant's Motion For Downward
> Departure, filed January 27, 2006 @ 2

In order to meet the United States position, retention of a licensed psychologist to determine the Defendant's intellectual level of functioning, as well as identifying her psychosocial history, current functioning, mental status, as well as a diagnosis of her mental condition, are necessary to providing an adequate defense.

Defense counsel has contacted Dr. Brenda Andrieu, Ph.D. and a copy of Ms. Andrieu's curriculum vitae is attached as Exhibit 2. What Dr. Andrieu has agreed to do is set forth in her declaration attached hereto as Exhibit 3.

Conclusion

For the foregoing reasons, Defendant's Motion for Authorization to Hire at Government Expense Dr. Andrieu as Expert should be granted.

DATED: Honolulu, Hawaii; February 2, 2006.

_____
Jack Schweigert, Esq.
Court-Appointed Attorney for Defendant
Mary H. Vandervelde

2