Prob 12C
(Rev. 1/06 D/HI)

LC · USM

ORIGINAL

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 16 2007
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

U.S.A. vs. MARY H. VANDERVELDE               Docket No. CR 04-00401HG-04

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MARY H. VANDERVELDE who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 5th day of July 2006, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant execute all financial disclosure forms and provide the Probation Office access to any requested financial information.

3. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. That the defendant shall comply with the plans and recommendations of the Department of Health Adult Mental Health Division and its representatives, at the discretion and direction of the Probation Office.

6. That the defendant shall participate in treatment at Sand Island Treatment Center (SITC), which may also include residing at SITC, at the discretion and direction of the Probation Office.



SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

7. That the defendant reside on the island of Oahu and not travel and/or relocate to the island of Maui without the prior approval of the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the offender has violated the conditions of her Supervised Release (Probation Form 7A attached) as follows:

1. That on 10/16/2007, the offender was terminated from Sand Island Treatment Center, due to noncompliance with the program rules, in violation of Special Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   10/16/2007

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

Gene DeMello, Jr.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 16th day of October, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Court Judge

Re:   **VANDERVELDE, Mary H.**
**Criminal No. 04-00401HG-04**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Count 1: Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine, a Class A felony. On 7/5/2006, she was sentenced to 10 months imprisonment and 5 years of supervised release. Supervised release began on 11/9/2006 and the offender was released to Sand Island Treatment Center (SITC).

Since her release, the offender's substance abuse issues and mental health needs were addressed through her participation in residential (dual diagnosis) treatment at SITC. With the assistance of our office, SITC filed an appeal with the Department of Health, Adult Mental Health Division's (AMHD) for case management services, as they had previously denied the offender services without good cause. On 2/15/2007, AMHD determined that the offender was eligible for case management services and she was assigned a case manager through Helping Hands Hawaii. In addition, subsequent to her admission to SITC, the offender began meeting regularly with a psychiatrist and she was prescribed antidepressant medication. Regular contact with the offender, SITC and the offender's case manager revealed that the offender appeared to be making good progress. Nonetheless, on 10/16/2007, SITC informed that the offender was being terminated from SITC for non-compliance with program rules when she admitted that she had maintained contact with a male resident, reportedly a convicted felon. The violation is as follows:

**Violation No. 1 - Termination from SITC for Non-compliance with Program Rules:** On 10/16/2007, SITC informed that the offender was being terminated due to non-compliance with program rules. SITC staff learned that the offender was maintaining contact with a male resident of SITC, reportedly a convicted felon. Contact between male and female residents is prohibited at SITC. The male offender was terminated from SITC for non-compliance on 10/3/2007. According to the SITC termination report, the offender had continued to maintain contact with this male, following his termination from SITC. When confronted by SITC staff, the offender admitted that she had contact with the male while he was a resident and later maintained telephone contact with him subsequent to his termination. She also admitted to SITC staff that she had secretly arranged to meet with this individual on or about 10/13/2007, while on a day pass from SITC. However, the meeting did not occur because the offender was not able to use her pass. Contact with terminated residents, while on an approved day pass is prohibited by SITC. As a result of these program violations, SITC terminated the offender from residential treatment without a clinical discharge.

Re:   VANDERVELDE, Mary H.
      Criminal No. 04-00401HG-04
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

Based on this violation, it is respectfully recommended that a No Bail warrant be issued for the offender's appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, Jr.
Supervising U.S. Probation Officer

LKTJ/tcp

Re:  **VANDERVELDE, Mary H.**
     **Criminal No. 04-00401HG-04**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.